DANIEL HONEGSBERGER *v.* THE SECOND AVENUE RAILROAD
COMPANY.

If an infant insist on a right of action he must show compliance with the con-
ditions on which his right of action is to arise, irrespective of his age.

APPEAL from a judgment of the Court of Common Pleas
of the city of New York affirming a judgment for the plain-
tiff obtained in that court.

The plaintiff sues to recover damages sustained by him in
consequence of injuries inflicted on his infant son by the
negligence of one of the defendants' servants. The defend-
ants deny the plaintiff's allegations, and say that the injuries
were occasioned by the carelessness of the boy. On the trial
the following facts were shown:

Solomon, the plaintiff's son, on the 22d of May, 1857, was
attending the public school situated on the east side of the
First avenue, a little north of Ninth street. He lived in
Ninth street, on the west side of the avenue. At three
P. M., just as the scholars were let out from school, and the
boys, including plaintiff's son, were chasing each other and
tapping each other with their books, one of the defendants'
cars was being driven up town by one of their drivers. A
person had just before that got on the platform in front, and
was standing near the driver, and the driver was conversing
with him. The driver's face was turned toward this passen-
ger and his body was turned a little toward him. At this
point of time the boy was crossing the avenue on his way
home. He was running across the avenue from east to west.
According to the plaintiff's evidence, he fell on the track.
The horses, at the time he fell, were some distance, half the
car's length, from him. The driver did not see the boy until
his attention was called to him, and did not see him as soon
as the passenger who was on the platform with him. When
his attention was called to the boy, he did not manifest suf-
ficient energy or impulse. The car might have been stopped
before reaching the boy. It was not stopped until the car
had passed completely over the boy and a length and a half

beyond. According to the defendants' evidence, the boy ran against the flank of one of the horses attached to the car, and the driver immediately applied the brake and stopped the car as soon as he could. The car passed over the boy's arm and crushed it. It had to be amputated above the elbow joint. The age of the boy is not in proof, though the counsel for the defendants assumed that he was only six years of age, and it is stated in the complaint, and not denied in the answer, that he was six and a half years old.

There was conflicting evidence.

The jury rendered a verdict for $869.50 damages, being the amount of outlay occasioned to the plaintiff by the accident.

The general question of negligence was left to the jury under a charge from the presiding judge, so far objected to, that "it is necessary for the plaintiff to prove that the injury was produced by the negligence of the defendants—by their exclusive negligence—and that the boy's negligence did not contribute to it." But the judge further charged that "in determining what would be negligence on the part of the boy, it is not to be understood that a child of the age of the boy is to be held to the same degree of caution, foresight and discretion that would be exacted from an adult. If the child has arrived at an age in which its parents, in the exercise of a sound discretion, are justified in permitting him to go to school alone and unattended; and if they are chargeable with no negligence in suffering him to do so, the child, while in the public streets, is to be held only to the exercise of that caution and discretion of which children of his age *are presumed to be capable.*" If he does that, it is all that the law can require. There may be cases in which an adult, in going through or crossing the public street, would be expected to exercise a degree of discretion and judgment in respect to the safety of his person, or to avoid accidents which would not to the same extent be expected from a child, though he had arrived sufficiently at years of discretion to justify his parents in allowing him to go into the public streets, and especially in going to and from school.

To this charge the defendants excepted.

*Andrew Boardman*, for the plaintiff, respondent.

*John K. Porter*, for the defendants, appellants.

Hogeboom, J. The charge of the judge as construed in the light of the evidence must be considered as applied to a child of some six or seven years of age. That was the age stated in the plaintiff's complaint and not denied in the answer, and assumed in the defendants' request to charge the jury and not then controverted. So understood, and remembering also the fact that the father and not the child is the plaintiff in the action, I am of opinion that the charge was erroneous. Even as applied to the child if he had been plaintiff, I do not see how such a charge could be sustained if we adhere to the case of *Hartfield* v. *Roper* (21 Wend., 615), decided five and twenty years ago and followed in subsequent cases. (See 5 Hill, 282; *Brown* v. *Maxwell*, 6 Hill, 592; *Spencer* v. *Utica R. R. Co.*, 5 Barb., 338; 27 id., 228; *Button* v. *Hudson River R. R. Co.*, 18 N. Y., 251; *Storrs* v. *Oswego & Syracuse R. R. Co.*, id., 425; *Munger* v. *Tonawanda R. R. Co.*, 4 Comst., 359; 1 E. D. Smith, 74.) In *Hartfield* v. *Roper*, the infant himself, a child of about two years of age, was the plaintiff, and Justice Cowen, speaking of the rule that a negligent party cannot recover damages consequent upon a collision on the highway, says: "The application may be harsh when made to small children; as they are known to have no personal discretion, common humanity is alive to their protection, but they are not therefore exempt from the legal rule when they bring an action for redress, and there is no other way of enforcing it, except by requiring due care at the hands of those to whom the law and the necessity of the case has delegated the exercise of discretion. An infant is not *sui juris*. He belongs to another to whom discretion in the care of his person is exclusively confided. That person is keeper and agent for this purpose, and in respect to third persons, his act must be deemed that of the infant; his neglect the infant's neglect." "It is plain in the nature of things that if an infant insist on a right of action he must show a compliance with the

conditions on which his right is to arise, and this is entirely irrespective of his age."

In *Munger* v. *The Tonawanda Railroad Co.* (4 Comst., 349), Judge Hurlbert, in delivering the opinion of the court, while speaking of the general rule that in actions for negligence the person bringing the action must be free from negligence contributing to the injury, remarks as follows (p. 359): "Lord Denman, in *Lynch* v. *Nurdin* (1 Ad. & Ellis, 29), allowed an exception in favor of the plaintiff, seven years old, who received an injury by getting into the defendant's cart, which was carelessly left in the street. The decision has not, however, been followed in this State; but the negligence and imprudence of the parents or guardians in allowing a child of tender years to be exposed to injury in the highway has been held to furnish the same answer to an action by the child as the negligence or other fault of an adult plaintiff would have done in a similar case. (*Hartfield* v. *Roper*, 21 Wend., 615; *Brown* v. *Maxwell*, 6 Hill, 592.)"

In *Willetts* v. *The Buffalo and Rochester Railroad Co.* (14 Barb., 585, 592), the same rule was applied in the case of a lunatic, who, being in company with his father on a railroad train, was temporarily left by the latter, who stepped off the car to procure some refreshment, and during his absence, the lunatic being applied to by the conductor for his fare, refused to pay the same, and thereupon was ejected from the car, and was run over by another train of cars and killed.

If, therefore, the infant had been plaintiff, and had been guilty of negligence, he could not recover under the law as it is administered in this State; and if he could not recover, the father cannot recover. His right of action is no greater than that of the infant would be, for he claims through the infant and upon the theory that the infant is free from blame. There may possibly be some reason for saying that as he adopts the act of the infant and seeks to derive benefit from it, he must be considered as in the place of the infant, and responsible for negligence in the same way as if he had been the party injured. But it is not necessary to decide that question.

The point then to be determined is, what would be the degree of care which would be required of the infant to exempt him from the imputation of negligence. I know of but one rule on the subject as the law is held with us, and I think it applies to all persons without exception, and makes no discrimination on account of age. It is that degree of care which a person of ordinary prudence would exercise in the situation supposed. There is no other safe rule. No other rule would protect the community. An infant of tender years, incapable of exercising requisite discretion, is not to be permitted to occupy the highway for the purpose of entitling himself to an action for an injury except upon the condition of being subjected to the consequences of negligence attached to persons in general. Otherwise, the tenderer the age and the less the discretion, the more perfect and frequent the cause of action, because more easily sustained and oftener occurring. Such a rule is not capable of safe practical enforcement.

I think this position is not answered by saying that the charge assumes that the jury should find the plaintiff free from negligence in sending the boy to school unprotected. The defendant asked the court to charge that such act of the father in sending so young a child to school through so crowded a thoroughfare as the streets of New York, without a protector, would be in itself negligence. The court refused so to charge, and the defendants excepted. But assume that such conduct might not be subject to the imputation of negligence, that is that a prudent person might send his boy of six years old to school alone through the streets of New York, it does not follow that this particular act is free from negligence, nor such as would be likely to be practiced even by boys of that age. Nor does it follow that even if for purposes of education such conduct on the part of the father should not be discouraged, that it is not subject to the condition that if the infant in fact becomes guilty of negligence, and in consequence thereof suffers a personal injury, he is not to take advantage of his own wrong and thereby entitle himself to an action for redress. The charge must be read, I think, as

speaking of negligence in a general way, in reference to a general practice of sending children of such an age to school, as not censurable, and not as applied to the actual circumstances of the present case.   I think the judgment should be reversed and a new trial granted, with costs to abide the event.

All reverse except SELDEN, MULLIN and INGRAHAM, JJ.

Judgment reversed.