THERESA HAIGHT, Respondent, v. THE NEW YORK CENTRAL
RAILROAD COMPANY, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, JANUARY, 1872.)

The omission to look both up and down a railroad track before attempting
to cross it, is such negligence as prevents a recovery against the rail-
road company in case of accident.
It is no excuse if the precaution is neglected until too late to avoid an
approaching train.

APPEAL from judgment and order denying a new trial.

This was an action brought by the plaintiff to recover
damages for injury alleged to have been caused by the negli-
gence of the defendant. The cause was tried at the Mont-
gomery County Circuit, in February, 1871, where a verdict
was rendered in favor of the plaintiff for $2,500. A motion
was made for a new trial on the minutes, which was denied.
A bill of exceptions was made by the defendant and a judg-
ment entered for the plaintiff on the verdict. The defendant
appealed from the judgment and order denying a new trial.
The facts are sufficiently stated in the opinion.

*S. W. Jackson*, for the appellant and defendant.

*M. L. Stover*, for the respondent and plaintiff.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. The only question which I
think it is important to examine in the present case arises
upon the exception taken by the defendant's counsel to the
decision of the judge upon the trial denying the motion for a
nonsuit. This motion was made upon the following ground,
among others: That it appears by undisputed evidence that
the negligence of the plaintiff contributed to cause the acci-
dent which resulted in the injuries complained of. The tes-
timony in relation to this is not essentially conflicting, and
for the purposes of the motion the plaintiff's version of the

facts must be assumed to be true. It was proved that on the 4th day of October, 1866, about 6.20 P. M., that the plaintiff passed from her grandmother's house, on the south side and near the tracks of the defendant's railroad, in the village of Amsterdam, along the railroad easterly, until she reached the crosswalk on the easterly side of Bridge street, which crossed said tracks at right angles. There were three tracks, two of which, northerly, were main tracks, running through, and the other, the southerly, a switch or branch track. Ten empty freight cars were standing at the time on the branch or side track, four or five feet from the west side of the plank crossing, and a train of freight cars was moving westerly on the most northerly track, the last of which cars was leaving the crosswalk as the plaintiff advanced to cross. She proceeded and crossed the branch track, which was seven feet from the first main track. When she left the branch track she stepped upon the first main track and was struck down by the engine of the train, which was then proceeding on its regular time, with the head light of the engine lighted. The plaintiff testified on her direct examination that when she came to the crosswalk she looked to see if a train was coming, and could not see all the way up, and only about the length of a car when she turned her head to look; that if the freight cars had not been there she could have seen all the way up the track; that when she turned her head to look, she was going over the first track toward the track upon which she was struck; that she turned to look up and could not see; that she turned to look where the last freight car going west went and was struck. Upon her cross-examination she stated that when she looked to see if a train was coming, she was going across the branch track and just about to step off the branch track; that this was the last time she looked, and then proceeded on until she was struck. The testimony shows that a person standing on the east side of Bridge street, over the north rail of the branch track, with cars on the branch, could see some distance and for several hundred feet a train approaching from the

west.   The freight cars, which it is alleged were in the way, were on a track adjoining the one upon which the plaintiff was struck, and could not interrupt the view, as they would not be in the direct line of the plaintiff's vision.   It is, therefore, quite plain that if the plaintiff had looked in the right direction as she was about leaving the branch or side track, she must have seen the approaching train.   There was no obstruction in the way, and that she did not see or hear the train, which was coming when she stepped on the track, was owing to the fact that she did not look for it in the direction from whence it came.   It seems to me that the plaintiff was guilty of negligence in thus failing to use her faculties to protect herself from injury, and that no lawful excuse is furnished for her inattention and neglect to look in the right direction.   It was suggested by the judge in his charge to the jury upon the trial that if the plaintiff looked and saw no train and the train was approaching so rapidly, as to overcome the line of track in view, from 400 to 600 feet, while she turned her head from west to east, then, she probably would have been held to have exercised due precaution.

It appears to me that the answer to this remark is that she should have turned her head and looked both ways to see if a train was coming before going on the track, and it is no excuse to say that she neglected to look both ways until she had only time to look in one direction.   The danger was from the direction from whence this train was expected, it being about its usual time for passing, and it would have been quite easy to have made a particular observation in that direction. It may also be observed that it is hardly possible that a train could have proceeded the distance of several hundred feet, in a single instant, and before the plaintiff could turn her head, to look in an opposite direction.   The authorities are numerous that it is negligence for a person to attempt to cross a railroad track without looking in both directions to see if a train is approaching.   (*Ernst* v. *H. R. R. R. Co.*, 24 How., 110; *Wilds* v. *The Same*, 29 N. Y., 327; *Wilcox* v. *Rome and W. R. R. Co.*, 39 id., 358; *Gonzales* v. *N. Y. & H. R.*

*R. Co.*, 38 id., 442 ; *Beisiegel* v. *N. Y. C. R. R. Co.*, 40 id.,
22 ; *Grippen* v. *N. Y. C. R. R. Co.*, id., 51.)

The time was near at hand for the passing of this train, and
the plaintiff might have seen it if she had looked before going
on the track. This would have been in season to have averted
the disaster ; and as she failed to take this necessary precau-
tion, but one conclusion can be drawn, and that is, that negli-
gence is established. (*Grippen* v. *N. Y. C. R. R. Co.*, 40
N. Y., 47.) That the plaintiff neither saw nor heard the train
is inexplicable.

There is no similarity between the present case and one
where a person is driving a team and stops to look and listen,
and hearing no signal of an approaching train proceeds and
continues looking to the right and left all the while, and
while so engaged finds a train upon him. (*Renwick* v. *N. Y.
C. R. R. Co.*, 36 N. Y., 132.) The plaintiff here failed to
exercise the degree of vigilance which was employed in the
case last cited, and thus made herself liable to the charge of
negligence.

The judge was wrong in refusing to nonsuit the plaintiff
for the reasons stated, and the order and judgment must be
reversed and a new trial granted, with costs to abide the event.

Judgment reversed.