REYNOLDS, administrator, etc., v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, appellant.

*Negligence — degree of care required of a child.*

A boy about twelve years old was killed at a highway crossing by defendant's railroad train: *Held*, that the boy was bound to exercise only such care as a person of his age, of ordinary prudence, would exercise, and under such rule it was for the jury to say whether the deceased was guilty of contributory negligence.

Contributory negligence must be proved.

APPEAL from a judgment in favor of the plaintiff, upon the verdict of a jury, and from an order denying a new trial.

The action was brought to recover damages for the death of Austin Reynolds, a boy twelve years and three months old, who was run over and killed by a train of cars on defendant's road, at what is known as Cram's crossing, a highway crossing about two miles east of the city of Schenectady.

The accident happened December 13, 1872. At that time deceased was attending school near the crossing, and had to cross the railroad in going and coming between the school-house and his home, and usually passed over the track four times a day. After leaving school upon the day in question, he and a companion went together toward the crossing. Shortly before reaching it, his companion left him. He was not afterward seen alive, but a few minutes after his companion found his dead body near the track, where he had been killed by a passing train.

The evidence showed that as the deceased was approaching the crossing there were two trains passing in different directions, one a passenger train, the other a long freight train with two engines. There was a conflict of testimony as to whether or not the engine bells were rung.

The boy was found in the cattle trap, between the tracks. Under what circumstances he was struck or by what train, was only a matter of conjecture. It was shown that when within ten feet of the highway, upon the bed of the same, a boy of the size of deceased could see an engine 750 feet distant. If approaching on a foot-path which ran on the side of the highway, he would have to come much nearer the track before he could see the coming engine.

The jury found in favor of the plaintiff, Jacob Reynolds, who brings this action as administrator of his deceased son for $800.

*S. W. Jackson,* for appellant.

*Isaac Lawson,* for respondent.

BOARDMAN, J. No exceptions are taken to the charge of the judge or to the admission or rejection of evidence.

The only reasons urged for granting a new trial are:

1st. That plaintiff should have been nonsuited because no negligence was shown on the part of the defendant.

2d. That upon the evidence plaintiff's intestate was guilty of contributory negligence whereby the injury occurred.

Upon the first proposition there was conflicting evidence in relation to the ringing of the bells by defendant's servants that could only be decided by the jury.

Upon the second proposition no positive evidence is given upon either side. Contributory negligence must be proved. Had the

deceased been of full age and possessed of ordinary faculties and intelligence, he would probably have been held guilty of contributory negligence, which would have prevented a recovery under the authority of *Wilcox* v. *Rome, etc., R. R. Co.*, 39 N. Y. 366; *Gonzales* v. *N. Y. & H. R. R. Co.*, 38 id. 442; *Beisieigel* v. *N. Y. C. R. R. Co.*, 40 id. 22; *Grippen* v. *N. Y. C. R. R. Co.*, id. 51; *Haight* v. *N. Y. C. R. R. Co.*, 7 Lans. 11, because for ten feet before the deceased reached the track upon which he was struck he had an unobstructed view of that track for 750 feet or over in the direction from which the train came.

Does the fact that the deceased was a boy of only 12 years of age change the rule?

It is contended by the plaintiff that deceased was to exercise care only in proportion to his age and mental and physical ability, that the same care and discretion is not exacted of a boy 12 years of age as in case of a man of mature years. That in this case the rule is and should be that he shall exercise such care as a person of his age, of ordinary prudence, would exercise under like circumstances. In support of this proposition, the following cases are cited: ' *Costello* v. *S. B. & N. Y. R. R. Co.*, 8 Alb. Law Jour. 45; *Mowry* v. *Central City R. R. Co.*, id. 125; *Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y. 455; *O'Mara* v. *H. R. R. R. Co.*, id. 445.

In hostility to such a doctrine, we are cited to the case of *Honegsberger* v. *Second Av. R. R. Co.*, 1 Keyes, 570. The weight of authority would seem to be upon the side of the plaintiff.

The question of negligence under such a rule depends upon so many circumstances, and is of such a complex character, that it would be difficult, if not impossible, in a case like this, to say, as matter of law, what constitutes it. For this reason, if the fact of the negligence of deceased is doubtful and uncertain, the submission of the question in a proper manner to the decision of a jury ought not to be held to be error. *Dickens* v. *N. Y. C. R. R. Co.*, 1 Keyes, 23, 28; *O'Mara* v. *H. R. R. R. Co.*, *ante*.

By an examination of the charge it will be seen that such disposition was made of the question by the learned judge in a very prudent and careful manner.

The order denying motion for a new trial upon the minutes should be affirmed, and the motion for a new trial upon the case and exceptions should be denied, with costs to the plaintiff.

*Ordered accordingly.*