MITCHELL v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD
COMPANY.

*Negligence — contributory negligence — crossing railroad track — Damages — nominal damages.*

Plaintiff's intestate was killed by a locomotive on defendant's railroad while crossing the defendant's track on a village sidewalk. It was shown that upwards of twenty-six feet before reaching the track defendant could, by turning her head, have seen the approaching locomotive for a long distance, and that there were no other trains or engines passing at the time. *Held,* that the intestate was guilty of contributory negligence such as to avoid a recovery for her death.

On the trial of the action plaintiff, who was husband of the intestate, proved no special damage. *Held,* that if defendant was liable only nominal damages could be recovered.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury and from an order denying a new trial. The action was brought in Rensselaer county by Ami De Witt Mitchell, administrator, etc., of Elizabeth M. Mitchell, deceased, to recover damages for the negligent killing of said Elizabeth M. Mitchell, on the 27th of October, 1870, while crossing a public highway in the village of Greenbush.

The deceased, who was the wife of the plaintiff, and aged about twenty years, was walking from the south toward the north on the eastern sidewalk of Broadway, in the village of Greenbush. The tracks running north upon defendants' railroad passing through that village, when they reach a street which crosses Broadway, make a short curve toward the north-west, and then cross the street diagonally toward the north-west. At that place the deceased, while crossing the cross-street on her way toward the north, after passing over two tracks, was struck by an engine coming from the south, and instantly killed. There were seven freight box-cars standing still on the track east of Broadway and next to it, which line of

cars extended north so far as to lap over across the sidewalk. These cars obstructed the view toward the east to any person opposite them on the sidewalk. Six feet beyond the track on which the seven freight cars stood was a second track, and further on a third and diverging track, which, a little south of the crossing, gradually diverged, so that it was about twenty feet from the second track to the place where the deceased was killed when crossing the third track.

At this crossing there was a running switch, and as the engine, with two baggage and three freight cars, moved toward the north, the cars were switched off to pass by on the second track, and the engine proceeded on the third track to and beyond the point where it struck the deceased.

The deceased passed the end of the line of standing cars, crossed the second track, passed over the space of twenty feet between the second and third tracks, and when crossing the third track was struck by the engine and killed. Evidence was given tending to show that the bell was not rung nor the whistle sounded, and there was also some proof as to the speed of the engine at the time of the injury. No proof of special damage was offered.

At the close of the case, the defendant's counsel moved for a dismissal of the complaint, on the ground that from the proof it appeared that the negligence of the plaintiff's intestate contributed to the injury complained of. The motion was denied and an exception was duly entered.

The defendant's counsel requested the court to charge the jury that the plaintiff, on the evidence, could recover only nominal damages; also that there was no evidence upon which to base any calculation as to the pecuniary value of the life of the deceased. The court declined to charge as requested, and an exception was duly entered. Other exceptions were taken to portions of the charge and to refusals to charge as requested, unnecessary to be noticed here.

The jury returned a verdict for the plaintiff for $4,000. A motion was thereupon made for a new trial on the minutes of the court, which was denied; and from the order denying a new trial, and from the judgment entered on the verdict, this appeal was taken.

*Edgar L. Fursman*, for appellant.

*Peyton F. Miller* and *A. J. & A. J. Parker, Jr.*, for respondent, cited upon the question of contributory negligence: *Davis* v. *N. Y. C. & H. R. R. R. Co.*, 47 N. Y. 400, 401; *Wilcox* v. *R. W. & O. R. R. Co.*, 39 id. 358; *Beisiegel* v. *N. Y. C. R. R. Co.*, 14 Abb· (N. S.) 29; *Mackay* v. *N. Y. C. R. R. Co.*, 35 N Y. 75; *McGuire* v. *H. R. R. R. Co.*, 2 Daly, 76; *Renwick* v. *N. Y. C. R. R. Co.*, 36 N. Y. 132; *O'Mara* v. *H. R. R. R. Co.*, 38 id. 445; *Sheridan* v. *Brooklyn City & Newton R. R. Co.*, 36 id. 39; *Railroad Co.* v. *Gladmore*, 15 Wall. 401; *Viner* v. *N. Y., etc., Steamship Co.*, 50 N. Y. 23.

BOCKES, J.   There was undoubtedly evidence given on the trial bearing on the question of defendant's negligence sufficient to make the case a proper one for the jury on that branch of it; but it seems quite clear that the negligence, not to say gross carelessness, of the plaintiff's intestate contributed to the injury for which the recovery was had.   Let it be conceded that the line of standing cars entirely cut off and prevented the view from the sidewalk for over two hundred feet southerly from the crossing, and it then stands undisputed that, on passing the end, of the line of those cars, the deceased came to a place where there was an unobstructed view on her right and along the track, enabling her without other difficulty ·than merely turning her head to see the approaching train.   There was first the space between the first and second track, about six feet; then the width of the second track, and then a further space of twenty feet to the third track, on which the accident occurred.   Over this distance the deceased passed, as it appears, with nothing to obstruct the view in the direction of the approaching engine.   Had she but turned her head a trifle to make observation the danger must have been seen.   Indeed, when the deceased approached the third track, after passing the second, she had abundant opportunity, in a place of absolute safety, to make observation, which if done would have disclosed the danger in time for her readily to avoid it.   Before attempting to cross this third track, and when in a place of absolute safety, it was her duty to look both ways in order to avoid possible danger.

It has been repeatedly held that the omission of such precaution is negligence, and will prevent a recovery for an injury occasioned by a passing train.   *Haight* v. *N. Y. C. R. R. Co.*, 7 Lans. 11; *Davis* v. *N. Y. C. & H. R. R. R. Co.*, 47 N. Y. 400; *Barker* v.

*Savage*, 45 id. 191 ; *Gorton* v. *Erie Railway Co.*, id. 661 ; *Beisiegel* v. *N. Y. C. R. R. Co.*, 40 id. 9, 22; *Wilcox* v. *R.*, *W. & O. R. R. Co.*, 39 id. 358. *Reynolds* v. *N. Y. Cent. & Hud. Riv. R. R. Co.*, 2 N. Y. Sup. 644, was reversed on this ground · in court of appeals.

In *Wilcox* v. *R.*, *W. & O. R. R. Co.*, it was decided that when the deceased was killed in attempting to ·cross the railroad track within the limits of the public highway and at a public crossing, if it appear that the deceased would have seen the approaching cars in season to have avoided them, had he first looked before attempting to cross, it will be presumed that he did not look; and by omitting so plain and imperative a duty he will be deemed to have been guilty of negligence which precludes a recovery. This decision covers the case at bar in all its principal phases. The deceased had the opportunity, in a place of safety, to make the necessary observation.· The view was not obstructed by any intervening object. The locality and numerous tracks admonished her of danger, and she was bound to vigilance and the exercise of ordinary prudence. It was not necessary for her even to stop to look; as the mere turning of the head would have brought the line of tracks into full view for a considerable distance in the direction from which danger was to be apprehended. There was no other moving car; nothing whatever to divert or distract the attention or to induce confusion. Thus, without excuse for the omission, the deceased evidently neglected the usual precaution for safety, and with culpable heedlessness placed herself in the way of disaster. Therefore, according to the well-settled rule applicable in such cases, there can be no recovery for the injury to which her own palpable negligence contributed. The motion for a dismissal. of the complaint should have been· granted.

I am also clearly of the opinion that the verdict of $4,000 is unauthorized by the proof. The recovery in this class of actions must be confined to the pecuniary loss sustained·by the death of the intestate, and damages can only be awarded on proof of loss. The rule was recognized in *McIntyre* v. *N. Y. C. R.R. Co.*, 37 N. Y. 287, 289, that the burden was upon the plaintiff to prove the pecuniary injury, and such facts as could enable the jury to determine what would be a fair and just compensation for the death of the party; and it is then intimated, if not in fact asserted, that such proof was necessary in order to entitle the plaintiff to

recover more than nominal damages. In the case at bar there was no proof of pecuniary loss to any one, except what might be inferred from the two facts that the deceased was a married woman, and aged twenty years. There was no evidence given of her capabilities, mental or physical, nor of her situation and circumstances in life, nor how she had been or could be of benefit to her husband and next of kin. There was no proof whatever showing that her life was of any pecuniary value or advantage to any one ; therefore, there was no proof that any pecuniary loss resulted to any person from her death, and the verdict of $4,000 is without evidence to give it support. It must have been the result of mere conjecture. As the case is here presented on the proof, no more than nominal damages were recoverable had the right of action in other respects been established.

The order and judgment appealed from must be reversed and a new trial granted, with costs to abide the result.

*Judgment reversed and new trial granted.*