## SUPREME COURT.

FANNIE McCORMACK, as executrix, and another, agt. FANNIE McCORMACK and others.

*Will — Trust estate created by will which provides for accumulations for benefit of adults as well as minors is void — Effect where annuity to widow is also charged upon real estate — after-born child.*

Though where a trust estate created by will provides for accumulations for the benefit of adults as well as minors, it is void under the provisions of the Revised Statutes — yet, where an annuity to the widow, provided for under this trust estate is also charged upon the real estate, that survives the failure of the trust.

Such annuity, however, is subject to a proportional deduction in favor of an after-born child, who takes as if the father died intestate.

*Special Term, November,* 1880.

*Henry E. Knox,* for plaintiff.

*Richard E. Knox,* for adult defendants.

*R. Clarence Dorsett,* guardian *ad litem* for infant defendants.

LAWRENCE, *J.*— It is conceded by all the counsel in this case that the third subdivision of the testator's will, in respect to the accumulation of the rents, profits and income of his estate, is in violation of the provisions of the Revised Statutes, for the reason that the accumulation is for the benefit of adults as well as minors. In that conclusion I fully concur (*See* 2 *R. S.,* 1103, *sec.* 37, 6*th ed. ;* 2. *R. S.,* 1167, *sec.* 3, 6*th ed. ; Mason* agt. *Jones,* 2 *Barb.,* 230 ; *Boynton* agt. *Hoyt,* 1 *Denio,* 53 ; *Kilpatrick* agt. *Johnson,* 15 *N. Y.,* 326).

I have also concluded, although with some hesitation, that the provisions in favor of the widow, in lieu of dower, can be upheld notwithstanding the invalidity of the third clause of

the will. In the first part of his will, the testator, after giving to his wife the dwelling-house therein mentioned, with certain personal property, declares that he gives to her an annuity of $8,000, to be paid to her in equal quarter yearly payments of $2,000 each during her natural life, the first payment to be made in three months after my death, " and I hereby make the said annuity a charge on my real estate." In the third clause of the will, he gives, devises and bequeaths " all my property of every kind (not hereinbefore given to my wife) to my said trustees, and to the survivors and survivor of them, in trust, to receive the rents, profits and income thereof, during the lifetime of my wife, and until my youngest child shall have arrived at the age of twenty-one years, and to pay and apply the said rents, profits and income as follows :

" *First.* To pay the annuity herein-above given to my wife."

" *Secondly.* To pay to each of my children when they shall respectively arrive at the age of twenty-one years, the sum of twenty thousand dollars."

" *Thirdly.* When my youngest child shall-arrive at the age of twenty-one years, I direct my said trustees and the survivors and survivor of them, to pay and transfer to each of my six children, before named, the one equal sixth part of the property then held in trust, including any accumulations, except that in case my wife shall then be living, my said trustees shall then retain in their hands sufficient of the estate to enable them to provide for the said annuity for my wife, and the portion so retained shall be by them divided and paid to my children in equal shares at the death of my wife."

The testator then gives to his executors a power of sale, and declares that in case the income from his estate shall not be sufficient to pay the annuity and the other sums directed to be paid, the trustees are authorized to use so much of the capital as may be necessary for that purpose.

At the time the will was executed, as the evidence shows, the testator valued his estate at between $1,000,000 and $1,100,000. At his death it was valued at about $240,000.

This depreciation in value was evidently not within the testator's contemplation. His supposition seems to have been that the income from the estate in the hands of his trustees would be sufficient not only to defray the annuity given to his wife, but also to pay the legacies bequeathed to his children.

The last clause of the will appears to me to have been inserted by the testator for the purpose of enabling the trustees to meet a temporary, not a permanent deficiency in the income from his estate. However that may be, I am of the opinion, taking all the provisions of the will into consideration, that the primary intention of the testator was to give to his wife, in lieu of her dower, the dwelling-house and personal property mentioned in the will, and an annuity of $8,000. And for the purpose of avoiding any misapprehension on this point, he made the annuity a charge on his lands. It is true that the scheme which he adopted to produce a sum sufficient to meet the annuity has failed, for the reason hereinbefore stated. Should the annuity therefore fail, the testator having distinctly declared, in addition to the provision for raising it by the accumulation of the rents, profits and income of the estate, that it should be a charge upon his lands? I think not. In *Hone* agt. *Van Schaick* (7 *Paige*, 221) the testator devised and bequeathed to his wife the use of his mansion-house for life, together with his furniture, books, plate, &c., and an annuity of $3,600, in lieu of dower, and then he devised and bequeathed all his estate, real and personal, to his executors, in trust, for the purposes of his will, and upon certain trusts, which the chancellor held to be void. But the devise and bequest to the widow were partially upheld on the ground that they were not connected with the illegal trusts and limitations of the will. It was held by the court of appeals in *Knox* agt. *Jones* (47 *N. Y.*, 398) that a void trust, which is separable from other valid trusts, may be cut off when the trust thus defeated is independent of the other dispositions of the will and subordinate to them and not an essen-

McCormack agt. McCormack.

tial part of the general scheme (*See, also, Manice* agt. *Manice,* 43 *N. Y.,* 303).

In the case at bar, I do not think that the scheme for raising the amount necessary to pay the annuity is so intimately connected with the gift of the annuity itself that the latter cannot stand when the former fails. The widow will therefore be entitled to elect between her dower rights and the provisions of the will made in lieu thereof.

By the birth of the child, Ethel H., after the execution of the will, the testator, in my opinion, died intestate as to one-seventh of his estate (*Sandford* agt. *Sandford,* 4 *Hun,* 753; 3 *R. S., p.* 64, *sec.* 47).

The infant, therefore, inherited one-seventh of the testator's estate, subject to her mother's right of dower therein, and the annuity of the mother should, I think, abate one-seventh, and she should have her dower in the one-seventh of the real estate which descends to the infant (*Mitchell* agt. *Blaine,* 5 *Paige,* 388; *Sandford* agt. *Sandford,* 4 *Hun,* 753).

To recapitulate, I am of the opinion that all of the provisions of the third subdivision of the will are void for the reason above stated; that the provisions made in favor of the widow in lieu of dower are valid, and that she is entitled to elect between those provisions and her dower; that the child, Ethel H., is entitled to the same share of his estate as she would have received if he had died intestate; that, except so far as the will has been hereinbefore declared to be valid, the testator died intestate.

Decreed accordingly.

Findings may be settled on two days' notice.