Titus, J.
(dissents).—This is an appeal from a judgment of the municipal court of Buffalo in favor of the plaintiff for $300.
The plaintiff, who was about thirteen years of age, was employed by the defendant in a fruit preserving and canning factory. At first she was employed in cutting fruit, but at the time she received the injury was carrying tin cans out of the shop. In the course of her employment she was required to pass through a room and within thirty feet of a machine for cutting can covers. She informed her mother, who had charge of her, of the change in her employment and was told by her not to go near the machinery.
She worked at this employment about two weeks, when on the day she was injured, having finished the work she was put to, she went to the can-cutting machine and picked up some tin and commenced cutting can covers, but before she had cut two covers she injured the fingers of one of her hands.
No one set her to work at the machine, and no person having authority to give directions knew that she was working at the machine. She did not have to go near the machine in the course of her employment and was not required to work at any machine. There is no evidence, aside from the fact that she was injured by it, that the machine was dangerous, or that she would have been injured by it had she not attempted to work at it. She went to the machine against the injunction of her mother and the injury was caused solely by her voluntary act.
Before she can maintain this action she must bring herself within the well known rules applicable to actions for negligence; that the defendant was guilty of negligence in not discharging the duty which the master owes- to his servant, and that she in no way contributed to the injury or was the proximate cause of it. Honegsberger v. Second Avenue R. R. Co., 1 Keyes, 570; Reynolds v. N. Y. C. and H. R. R. Co., 58 N. Y., 248; Haycroft v. Lake Shore R. R. Co., 64 id., 636; Byrnes N. Y. C. and H. R. R. R. Co., 83 id., 620; Wendell v. N. Y. C. and H. R. R. R. Co., 91 id., 420; Flood v. P. R. R. Co., 23 Weekly Dig., 501.
This case does not fall within the line of authorities which hold that the master must advise the servant of the dangers to which he is subject in working at dangerous machinery. Buckley v. Gutta Percha Mf’g Co., 41 Hun, 450; Murphy v. Mairs, 6 N. Y. State Rep., 42; Hickey v. Taaffe, 105 N. Y., 26; 6 N. Y. State Rep., 426.
Because the plaintiff was not required to work at machinery of any kind, her work could be performed with perfect safety. The injury resulted from her voluntary act *97 without the knowledge of the defendant, and, therefore, no duty was imposed upon the defendant to instruct the plaintiff or to warn her of the dangers attending the operation of a machine which she was not expected to touch. If the defendant was negligent at all, it was in not forbidding her touching the tools or machines in its shop. It has been held in this and some other states that it is the duty of the master to warn the servant of dangers incident to the performance of the master’s service and of dangerous surroundings, with which the servant necessarily comes in contact in the performance of his duty.
In the case of Buckley v. Gutta Percha Manuf. Co., cited above, it was held that the master is bound to advise the servant of any risks to which he is subject in working a dangerous machine. There is no intimation in the case that it is his duty to notify the servant of the dangerous character of other machines or implements, unless they are so situated that the servant will necessarily be brought near or in contact with them while in the performance of his duty.
In Coombs v. New Bedford Cordage Co. (102 Mass., 572), the rule is stated that the employer is bound to give the employee information of the nature of the risks incident to the service. And the judge writing the opinion uses this language: “ The notice which the defendants were bound to give the plaintiff of the nature of the risks incident to the service which he undertook, must be such as to enable •a person in his youth and inexperience in the business, intelligently to appreciate the nature of the dangers attending its performance.” Clearly stating, that the rule applied to such dangers only as are incident to the service performed.
My attention has not been called to any authority wherein the rule has been extended so as to include those injuries received when the servant was not at the time engaged in the performance of his duty or incident to its performance.
To extend the rule to cases, when the servant is sui juris, in which injury was received through the wanton or unauthorized conduct of the servant while not engaged in the line of his employment, or to dangers which are not incident to the performance of his duty, would make the master an insurer of the servant’s safety and relieve him from all duty to care for himself.
I do not understand that the courts of this state have so extended the rule, nor would it be policy to do so. The servant is properly chargeable with care and diligence that he is not injured while in his master’s emplo,
In what has been said I recognize the rule, that m cases *98 of children, the degree of care required is less, as their age and experience is less than adults.
It has been held in this state that the master is not liable when the injury occurred from the voluntary act of the servant while not engaged in his master’s employment, or where the injury received was not incident to the employment. Hartfield v. Roper, 21 Wend., 620; Foy v. Buchanan, 4 N. Y. State Rep., 894; Murphy v. Mairs, 6 id., 42; McAlpin v. Powell, 70 N. Y., 126; Victory v. Baker, 67 id., 366.
In such cases the master owes no such duty to his servant, as where the servant is engaged in his master’s work..
Nor is the master required to notify his servant of dangers that are obvious to every one and which are apparent to-the most inexperienced. Murphy v. Mairs, and Foy v. Buchanan, cited above; Hickey v. Taaffe, 105 N. Y., 26; 6 N. Y. State Rep., 426.
It follows that there are some injuries, which an employee’ may receive, for which no right of action against the employer exists, and the fact that the plaintiff in this case, is. a child, should not, unless the other concurring facts and circumstances necessary to bring it within the rule adopted by the courts, are made out, incline the court to set aside well established principles of law, that she may enforce the-collection of the small judgment in her favor.
It may be said that the question of negligence was one’ of fact for the court or jury under all the circumstances of the case to pass upon, and the court having determined the fact of negligence against the defendant, this court cannot and should not review the case with a view to determine whether the court below was justified in the determination reached. Negligence, it is true, is a fact to be determined from the evidence in the case; but if there is an absence of evidence showing negligence, or if the facts do not constitute negligence, then it becomes a question of law for the court to pass upon, and if an error is committed in determining that question, the court should review and correct it. It is as essential that negligence should be established as any necessary fact in the case. The gist of the action is the negligence of the defendant in compelling “the plaintiff to. work with dangerous machinery without informing her how to operate it, and that she was without fault on her part.” These are not idle words; they allege the facts which the plaintiff must prove to entitle her to recover, and unless these necessary facts are established by some sort of proof, she cannot maintain her action.
Her duty was simply in carrying cans out of the building- and through this room, an employment absolutely free from danger, with no dangers incident to the employment, for which she was engaged.
*99 Without the permission or knowledge of the defendant she attempted to operate a machine and was injured. She was admonished by her mother not to go near the machines; she must have known it was thought dangerous by her mother; she knew the employer had told her what to do, and that she was doing what she had no right or authority to do.
These facts do not, in my opinion, raise the question of negligence. The defendant was not called upon to warn her of the danger attending the operation of the machine. It was her voluntary and negligent act; she was of sufficient age and experience to know better. This brings the case within the rule adopted by the courts in numerous cases where negligence becomes a question of law. Phillips v. Rens, and Sar. R. R. Co., 49 N. Y., 177; Nichols v. Sixth Ave. R. R. Co., 38 id., 131; Morrisons Erie R'y Co., 56 id., 302; Reynolds v. N. Y. C. and H. R. R. R. Co., 58 id., 248; Riceman v. Havemeyer, 84 id., 647; Wendell v. N. Y. C. and H. R. R. R. Co., 91 id., 420; Honegsberger v. Second Ave. R. R. Co., 1 Keyes, 570; Flood v. B., N. Y. and P. R. Co., 23 Week. Dig., 501.
The court below should have nonsuited the plaintiff and, as it was not done, the judgment should be reversed, with costs.