WILLIAM B. RENWICK, ET AL., ADMRS., &C., OF ROBERT RENWICK, DECEASED, RESPTS., *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, APPTS.

*Negligence—Railroad Crossing—No Signal.*

If, on approaching a crossing by a train of cars, no signal be given, as the ringing of the bell or the blowing of the whistle, by the agents or servants of the company, it is guilty of negligence; and where there is conflicting evidence on that point, the question is to be submitted to the jury; and their finding therein is conclusive.

PARKER, J.—Upon the question of the Defendants' negligence in this case, it is impossible to maintain that there was no conflicting evidence. If no signal was given, from the train, of its approach to the crossing where the injury occurred, either by the ringing of the bell or the sounding of the whistle, the Defendants are chargeable with negligence.

Now, upon the question whether the bell was rung or not, it is undeniably true that considerable evidence was given on both sides. On the part of the Plaintiff, both he and his daughter swore that they listened for the train as they approached the crossing, and did not hear it. Several witnesses upon the train testified that they heard no bell or whistle before the whistle for the brakes at the crossing.

Mrs. Thomas, whose house the train passed about fourteen rods before it reached the crossing, swore that there was no signal either from the bell or whistle; and Mrs. Adams, who was observing the train from the same house, heard none. Sacket, who was at his house, three-quarters of a mile east of the crossing, and one hundred rods from the track, heard the train, but heard no bell or whistle, until the whistle for the brakes. Now, though most of this is negative evidence, and the Defendants have on their side the positive testimony of four witnesses that the bell was rung, still, as some of the Plaintiff's witnesses were in a condition to hear it if it had been rung, and were giving their attention to the train, the fact that they did not hear it, is evidence conducing to prove that it

was not rung.  Two of the Defendant's witnesses who swear that it was rung, are the engineer and fireman, who were in fault if it was not rung; the character of another was impeached.  The conflict raises a question of fact, which the Plaintiff had the right to have determined by the jury.

There can be no pretence that the Plaintiff was so clearly guilty of negligence himself as to require the Court to nonsuit.  His own testimony, and that of his daughter, show the exercise of all the prudence which the circumstances required.  He stopped and looked and listened from four to six rods from the track, and hearing no signal nor indication that the train was approaching, started his horses, and kept looking to the right and left for the cars until he reached the track, and then, turning his eye to the right, found them upon him.

The train was behind time, and, as we must conclude for the purposes of this question, giving no signal of its approach.  Although, if the Plaintiff had stopped at a point nearer the track, he might have seen the train, his not doing so is not necessarily negligence.  The thorough discussion of this question of negligence by this Court in the case of Ernst *v.* Hudson River R. R. Co. (32 How. 61), renders unnecessary any further discussion of it here.  Without an utter disregard of the doctrines of that case, it is impossible to hold that the Plaintiff in this case should have been nonsuited.  Upon the question of the Defendants' negligence, to show that there was an omission of the requisite signal, Levi Yorks was called as a witness.  He testified that he was a passenger on the train, that he heard the whistle to " down breaks," but did not hear any long whistle, nor any bell.  He was then asked by the Plaintiff's counsel, " Could you have heard the sound of the whistle or bell if one had been blown or rung?"  This was objected to by Plaintiff's counsel as incompetent, but was allowed and Defendants excepted.  The witness answered: " I rather think I could have heard it."

Although it seems to me that this evidence was erroneously admitted, as involving the opinion of the witness upon a question which belonged to the jury to decide, my associates think the

question should be construed as merely asking whether the witness was so situated that he could have heard, and in that view admissible.

The exception to the refusal to charge as requested, " that if the Plaintiff could not see an approaching train from the east until near the crossing, and not in time to avoid the danger when he was within four to six rods from the track, it was his duty to stop nearer the track, if by so doing he might have seen the approach of the train in time to have avoided the danger; and his omission to do this was negligence," was not well taken. (Ernst *v.* Hudson River R. R. Co., *supra*, and cases there cited.)

The judgment should be affirmed.

All concur.    Affirmed.