DEYOE v. VILLAGE OF SARATOGA SPRINGS, appellant.

*Municipal corporations — liable for negligence of commissioners appointed by State authority — duty of as to streets — Notice.*

Plaintiff was injured in consequence of the negligence of the commissioners of the water-works of Saratoga Springs in leaving open and unguarded a ditch in the streets of that village. The commissioners were appointed by the legislature, and had control of the village water-works. The superintendent employed by the commissioners, who had charge of doing the work upon the water-works, was the superintendent of streets of the village. *Held*, (1) that the village was liable for the negligence of the commissioners, notwithstanding they were not appointed by the village authorities, but by the State; (2) that it was liable also upon the ground that it was itself negligent in not keeping its streets in repair and guarding them when out of repair; and (3), that knowledge of such want of repair to its superintendent of streets, was knowledge of the same to the village.

APPEAL from a judgment entered upon the verdict of a jury at the Saratoga circuit, after a motion for a new trial by the defendant upon the minutes.

The action was brought by Thomas P. Deyoe against the Village of Saratoga Springs for injuries to person and property received by reason of having driven, with his horses and carriage, into an open and unguarded ditch in one of defendant's streets. The ditch had been opened by the commissioners of water-works for the purpose of making repairs to pipes, etc., and had been left unguarded by them during the night when the accident occurred. The commissioners of the water-works were appointed by the legislature (Laws of 1872, chap. 763), and to such commissioners is given, by the act, the management and control thereof. The defendant's superintendent had the supervision of the streets and highways of the village, subject to the control of the trustees, who possess the usual powers and duties as to the streets. Such superintendent also was foreman or superintendent for the commissioners of water-works, and as such caused this excavation in the street to be made.

At the close of plaintiff's evidence defendant moved for a nonsuit upon the ground substantially that, if any cause of action had been proved, it was against the commissioners of water-works, and not against the Village of Saratoga Springs. The motion was denied, and defendant excepted. Plaintiff had a verdict.

*P. H. Cowen,* for appellant.

*John Foley* and *L. B. Pike,* for respondent.

BOARDMAN, J. Before the act of 1872 the water-works of Saratoga Springs had been substantially completed, except extensions. By that act five water commissioners were appointed, to whom was given the management and control of the water-works and their appurtenances. The defendant's trustees appointed, or were to appoint, their successors. The commissioners have power to appoint a superintendent; the trustees are required to raise money, by tax, in accordance with the commissioners' estimate, and pay the same to the commissioners; the commissioners are required to make report of their proceedings to the trustees when required. By a vote of two-thirds of the trustees, an action may be begun against the commissioners for any misfeasance, malfeasance or default in the discharge of their duties.

The defendant's trustees are further required to issue $50,000 of bonds for the extension and completion of the water-works and paying indebtedness therefor, to be delivered to said commissioners. By the act of 1872 and the acts of 1868, chap. 557; 1869, chap. 264, and 1870, chap. 31, it is apparent the water-works belong to and are the property of the defendant, and that the commissioners are merely the agents of the defendant in their construction and maintenance. The commissioners are responsible to the village corporation for the proper discharge of their duty. The commissioners and village are not two separate and independent bodies, but the former is subordinate to the latter. The commissioners owe no duty to individuals in respect to the highways of said village, and, as a consequence, are not responsible to individuals for any neglect of duty in that respect. The authority for the construction and maintenance of the water-works was for the benefit and advantage of the defendant, and not the commissioners. The defendant, having accepted such provision, has accepted the agents appointed for it by the State, and becomes responsible for their acts as if appointed by itself. *Bailey* v. *Mayor of New York,* 3 Hill, 531, affirmed, 2 Den. 433; *Conrad* v. *Village of Ithaca,* 16 N. Y. 158, and note, p. 161; *Diveny* v. *City of Elmira,* 51 id. 506. By these cases it is evident that the defendant would be held liable, notwithstanding the quasi corporate character of the commissioners, upon

the theory that such commissioners were acting for the defendant, and without any personal interest or profit to themselves.

But it is believed that the defendant may be made liable upon the further ground that it was the express and exclusive duty of the defendant to keep in repair the streets of said village. This was not done. The superintendent of the water commissioners was also the superintendent of highways of the village, whose duty it was to keep the streets in repair, or, in case they were necessarily out of repair, to so guard and protect the public that no injury should come therefrom. The superintendent directed this excavation to be made, and knew of its existence. His knowledge was the knowledge of the defendant. By his neglect to repair the highway, or guard against accident, the defendant became liable for plaintiff's damages. *Davenport* v. *Ruckman*, 37 N. Y. 568; *Hutson* v. *Mayor of New York*, 9 id. 163.

The judgment and order appealed from should be affirmed, with costs.

*Judgment affirmed.*