NANCY CORDELL, Administratrix, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Although a highway crossing a railroad track has been regularly laid out, yet until it has been actually opened or notice " of such laying out" has been served upon an officer of the railroad corporation named in and as required by the act of 1853 (chap. 62, Laws of 1853), the duty imposed by the general railroad act, as amended in 1854 (§ 7, chap. 282, Laws of 1854), of ringing a bell or sounding a whistle upon a train approaching the crossing, does not attach; the highway is not "a traveled public road or street" within the meaning of said last-mentioned act.

Ordinary care and prudence may require the giving of signals from an approaching train, to warn persons lawfully upon the track, and the omission to do so when so required will subject the corporation to liability for injury caused by the omission; but unless it is at a highway crossing in respect to which the statutory duty exists, the omission to give the designated signals is not negligence as matter of law, but the question of negligence is one of fact for a jury.

*Cordell* v. *N. Y. C. and H. R. R. Co.* (6 Hun, 461) reversed.

(Argued March 24, 1876; decided April 4, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department in favor of plaintiff, entered upon an order denying a motion for a new trial, and

directing a judgment upon a verdict. (Reported below, 6 Hun, 461.)

This action was brought to recover damages for the death of plaintiff's intestate, Christopher B. Cordell, alleged to have been caused by defendant's negligence.

Said Cordell was, on the 13th of August, 1873, struck by a locomotive running upon defendant's road, and killed. The place where the accident happened had been, prior to 1867, a farm-crossing, with gates on each side of the track. It was included in a highway regularly laid out in that year, which highway had been districted and worked as a highway, and was used by a few families, but the fences and gates had not been removed up to the time of the accident. Defendant had taken down the fence and gate on one side for the purpose of laying a new track. Evidence was given tending to show the service of notice of the opening of the highway upon defendant's superintendent, it having been first shown to the treasurer, and by his directions handed to the superintendent. The notice was not produced. The superintendent and treasurer both testified that they had no recollection or knowledge of such service. No bell was rung or whistle sounded on the engine as it approached the crossing.

The court charged, among other things, that as matter of law, defendant having failed to ring the bell or sound the whistle, as the statute required, when crossing a public highway, it was guilty of negligence; to which charge defendant's counsel duly excepted. Exceptions were ordered to be heard at first instance at General Term.

Further facts appear in the opinion.

*Samuel Hand* for the appellant. The motion for a non-suit should have been granted, because the negligence of plaintiff's intestate contributed to his death. (*Gorton* v. *Erie R. Co.*, 45 N. Y., 660; *Barker* v. *Savage*, id., 191; *Fordham* v. *Smith*, 46 id., 683; *Lowrie* v. *Meeker*, 25 id., 361; *Robertson* v. *McManus*, 4 Lans., 380; *Seibert* v. *Erie R. Co.*, 49 Barb., 583; *Reynolds' Case*, 58 N. Y., 248;

*Davis' Case,* 47 id., 400.) The court erred in holding as matter of law that defendant was guilty of negligence, and in charging that the omission to ring the bell or sound the whistle was of itself conclusive evidence of negligence. (3 Stat. at Large, 643, § 7; *Comm.* v. *B. and W. R. R. Co.,* 101 Mass., 201; chap. 140, Laws 1850, §§ 1, 2, 3, 23.) The duty of the deceased to look and listen was entirely independent of defendant's duty to give the signals. (*McGrath's Case,* 59 N. Y., 468; *Havens' Case,* 41 id., 296; *Gonzales' Case,* 38 id., 440; *Gorton's Case,* 45 id., 660; *Ernst's Case,* 39 id., 9; *Wilcox's Case,* id., 358.)

*J. H. Clute* for the respondent. The failure of defendant to sound the whistle or ring the bell for eighty rods when approaching the crossing was gross negligence. (*Tonawanda R. R. Co.* v. *Munger,* 5 Den., 267; 4 N. Y., 349; *Gorton* v. *Erie R. Co.,* 45 id., 660.) The question of contributory negligence on the part of the deceased was properly left to the jury. (*Baxter* v. *T. and B. R. R. Co.,* 41 N. Y., 502; *Warner* v. *N. Y. C. and H. R. R. R. Co.,* 44 id., 465; *Davis* v. *N. Y. C. and H. R. R. R. Co.,* 47 id., 400.) The deceased was bound to exercise ordinary care and precaution. (45 N. Y., 665; 28 id., 451; *Weber* v. *N. Y. C. and H. R. R. R. Co.,* 58 id., 456; *Davis* v. *N. Y. C. and H. R. R. R. Co.,* 47 id., 400.)

ANDREWS, J. The judge charged the jury that the railroad company having omitted to ring the bell or sound the whistle before reaching the crossing, where the plaintiff's intestate was killed, was as matter of law guilty of negligence. This charge can only be justified upon the assumption that the crossing was a " traveled public road " within the meaning of the general railroad act, as amended by chapter 282 of the Laws of 1854, the seventh section of which makes it the duty of a railroad company to ring a bell or sound a whistle at least eighty rods before crossing a traveled public road or street, and subjects the corporation to a fine for a neglect to

comply with this provision of the act, and makes it liable for all damages which shall be sustained by any person by reason of such neglect. If the crossing where the plaintiff's intestate was killed was a highway, in respect to which the absolute duty to ring the bell or sound the whistle existed, the charge is not subject to objection. The judge not did intend to charge that the right to recover in the action was established on proving simply the neglect by the defendant of the statutory duty, but that the omission to give the signals at this crossing, which he also held and charged as matter of law, was a highway at which the company was bound to give them, constituted negligence which subjected the defendant to liability for damages if the death of the plaintiff's intestate was caused thereby. The correctness of the charge, that the omission by a railroad corporation to ring the bell or sound the whistle, when the statute requires it to be done, is legal negligence, is supported by authority. (*Renwick* v. *N. Y. C. R. R. Co.*, 36 N. Y., 132; *Gorton* v. *Erie Railway Co.*, 45 id., 660.) But unless the crossing was a highway in respect to which the statutory duty existed, the omission to give the signals was not as matter of law negligence. It was and is the duty of a railroad company to use due care at all times in running and managing its trains, which it owes alike, though it may be in different degree, to passengers and persons rightfully upon its track, and ordinary care and prudence may require the giving of signals from the train to warn persons upon the track in danger of being injured by it, although there is no public highway at the place, and the omission to give the warning, if the jury should find that due care and caution required that it should be given, would subject the corporation to liability for injury caused by the omission. But it would be error in such a case for the judge to charge that in law such omission was negligence. It would be for the jury to determine the question as one of fact under all the circumstances proved.

The judge, as has been stated, charged the jury in substance that the crossing where the deceased was killed was a high-

way at which they were bound to give the signals, or in other words, that it was a place in respect to which the absolute legal duty imposed by the statute existed. If the judge was in error upon this point the judgment must be reversed, and the consideration of the other questions in the case will become unnecessary. This crossing, prior to 1867, was an ordinary farm crossing, and gates were maintained on each side. In that year it was included in a highway laid out by the commissioners of highways of the town of Watervliet, in conformity with the statute. But so far as appears, nothing was done in respect to opening the highway by removing fences or gates up to the time of this accident, except that the defendant, for the purpose of widening its track, had, a short time before the accident, temporarily removed the fence on one side of the roadway. The fence and gate on the other side were maintained as before the highway was laid out. It was shown that the highway had been districted, and that the defendant paid a road tax before and after the occurrence in question, and laid down plank at the crossing after the highway was laid out, but it appeared that this had also been done before that time. The road was used by a few families residing upon it, but the company had not before the accident treated it as an ordinary highway, and had not rung the bell or sounded the whistle at the crossing. There was no defect in the proceedings in laying out the highway. The damages to land owners were paid or released, and it became a legal highway, subject, however, to the provision of the act chapter 62 of the Laws of 1853, " to regulate the construction of roads and streets across railroad tracks," the first section of which provides that no street or highway laid out by the authorities of any city, village or town over a railroad track, " shall be actually opened for use until thirty days after notice of such laying out has been personally served upon the president, vice-president, treasurer or a director of a corporation."

It was assumed on the trial, and it is doubtless the true construction of this statute, considered in connection with the

general railroad law and the provision of the general highway act, that until a highway which has been laid out across a railroad track has been actually opened, or notice has been given as required by the act of 1853, the duty to give the statutory signals by the company does not attach. Such a crossing is not a "traveled public road" within the meaning of the general railroad law. Evidence was given on the part of the plaintiff tending to show that the notice had been given, but the notice was not produced, and the evidence upon which the plaintiff relied to establish it was not conclusive in its character. The superintendent and treasurer of the defendant upon whom it was claimed the notice had been served, testified that they had no knowledge or recollection of such service, and the evidence on the part of the plaintiff of the fact was fairly subject to observation and criticism, although we do not mean to say that if the jury had found that notice had been served, the finding would not have been justified. But whether the notice had been served, ought to have been submitted to the jury as a question of fact, upon the whole evidence, and the judge in withholding it from their consideration, and deciding as a question of law that the crossing was a highway, in respect to which the statutory duty to give the designated signals was imposed upon the defendant, committed an error for which the judgment should be reversed.

All concur, except ALLEN, J., not voting.

Judgment reversed.