CAROLINE PEACH, RESPONDENT, v. THE CITY OF UTICA, APPELLANT.

*City of Utica — liability of, for defects in highway — funds in treasury to make repairs, not essential to — Right of persons with defective sight to travel in streets — Notice to city — how proved.*

In an action against the city of Utica to recover for injuries sustained in consequence of a defect in a street therein, *held*, that as the common council was declared by the charter to be commissioners of highways, the city was bound to keep the streets and walks in repair, and in case it failed so to do, and injury resulted therefrom, it was liable to the person injured for such damages as he might sustain thereby.

Such liability does not depend upon whether or not the city has funds in its treasury to pay for making or repairing streets, but upon the question whether or not it has the power to raise funds to defray such expenses.

The fact that a person is old, and that his sight is defective, does not deprive him of the right to travel in the streets and upon the walks, provided he uses such reasonable care and caution as a person laboring under those infirmities would ordinarily exercise.

Although notice to one of the aldermen of a defect in the highway is not enough to charge the city, with notice, yet *quære*, whether notice to a considerable number of the aldermen would not be sufficient.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*John D. Kernan*, for the appellant.

*S. J. Barrows*, for the respondent.

MULLIN, P. J.:

Appeal from a judgment in favor of the plaintiff, rendered at the Oneida Circuit in January, 1876.

The plaintiff, in the evening of the 8th of May, 1875, while passing from a store in the city of Utica, where she had gone to make purchases, stepped, as she claims, into a hole in the sidewalk on the westerly side of Steuben street, in said city, at the crossing of Hobart street, broke the tendon at or near the heel of one of her feet, was made lame, suffered a good deal of pain and was unable, for a considerable time, to leave her house, and at the time of the trial she was still suffering from the injury.

It was proved that she was seventy-four years of age; her sight was defective; she used spectacles when she was following her business, which was that of sewing, but did not have them on while she was on her way to and from the store. She was not accustomed to travel in the night. There were three young ladies in company with her at the time of the injury, two of them walked some feet ahead of her, the other only about a foot from her, they passed the hole in safety. The accident occurred about nine o'clock in the evening, and it was then quite dark. She exercised no particular care in traveling along the walk.

One of the aldermen of the city was called as a witness by the plaintiff, and was asked by the plaintiff's counsel whether, prior to the day of the injury, he had crossed Hobart street on the westerly side of Steuben. The question was objected to by the defendant's counsel. The plaintiff's counsel stated the object of the question was to show he knew the walk was out of repair. The objection was overruled, and defendant's counsel excepted.

The defendant's counsel moved for a nonsuit on the grounds:

First. That defendant is not liable in actions of this nature, as it acts judicially under its charter, and it has no funds under its control

for the purpose of repairing or relaying side or crosswalks. It has no power to use any portion of the general city funds for such a purpose.

Second. The plaintiff was chargeable with negligence contributing to the injury.

It was proved that the plaintiff, after the injury, without the approval of her physician, had applied poultices to the injured parts for a period of some two weeks, and the defendant's offered to show that in other cases the injury had been aggravated by such treatment. The evidence was objected to, and rejected.

The defendant's counsel requested the court to charge the jury, that ordinary care and prudence on a dark night requires the vigilant uses of her senses of sight and feeling in a person of the plaintiff's age, with her faculties.

The court said in reply : "I would not put it in that shape, perhaps, but substantially that. I would say it requires such care as a reasonable person under such circumstances ought to exercise."

The defendant's counsel excepted to the modification of the offer made by the court and insisted that the charge should be in the language of the request.

The plaintiff had a verdict for $500, upon which judgment was entered, and from it the defendant appeals.

The appellant having appealed from the judgment only, we can review only questions of law. To enable us to review the facts, there should have been a motion for a new trial and an appeal from the order refusing it. (*Thurber* v. *Harlem Bridge, etc., R. R. Co.,* 60 N. Y., 326.)

A nonsuit was properly refused on the first ground stated by the counsel.

The common council are declared by the charter to be commissioners of highways within the limits of the city, and being such, the city is bound to keep the streets and walks in repair, and if not done and injury results from the omission, it is liable to the person injured for such damages as he may thereby sustain. (*Conrad* v. *The Trustees of Ithaca,* 16 N. Y., 158; *West* v. *The Village of Brockport,* id., 161; *Hines* v. *City of Lockport,* 41 How. Pr. R., 435.)

The liability does not depend upon whether the city has funds in its treasury to pay for making or repairing streets and walks, but

whether it has the power to raise funds to defray such expenses. (*Hines* v. *City of Lockport, supra.*)

The city of Utica has ample power to raise money for such purposes. (Chap. 18, Laws of 1862, § 108.)

If the defendant's counsel is right in his proposition that the defendant is not liable for the injury in this case, because it is clothed with judicial power to determine when the streets or walks are out of repair, or because it has not ample power to raise funds to pay for repairs of streets and walks, the Court of Appeals and the Supreme Court have erroneously decided a large number of cases within the last thirty years.

The second ground on which a nonsuit was asked for was equally untenable with the former one.

There was no proof of contributory negligence on the part of the plaintiff. Because she was old and her sight imperfect, she was not deprived of the right to travel in the streets and upon the walks, using such reasonable care and caution as a person laboring under these infirmities would ordinarily exercise. In the language of HUNT, Ch. J., in *Davenport* v. *Ruckman* (37 N. Y., 568, 573) : " The streets and sidewalks are for the benefit of all conditions of people, and all have the right in using them to assume that they are in good condition, and to regulate their conduct upon that assumption. A person may walk or drive in the darkness of the night, relying on the belief that the corporation has performed its duty, and that the street or the walk is in a safe condition. * * * So one whose sight is dimmed by age, or a near-sighted person, whose range of vision was always imperfect, or one whose sight has been injured by disease, are each entitled to the same rights and may act upon the same assumption."

The court very properly rejected evidence of the effect of poultices in cases other than the one on trial.

It was for physicians to say whether poultices were properly applied by the plaintiff, having regard to the kind as well as to the length of time they were so applied. The effect of them in particular cases was not a proper subject of inquiry.

In order to charge the city with negligence in not repairing the walk at the place where the injury occurred, it was incumbent on the plaintiff to prove that the common council knew of the defect

a sufficient length of time before the accident to have enabled it to repair it.

Notice to one of the aldermen was not enough, but the evidence of notice to one of them was so immaterial that it could not injure the defendant. Several witnesses swore to the existence of the defect in the walk. weeks before the accident, long enough to authorize the inference that it was known to the common council for a sufficient length of time to enable them to repair it.

I am not prepared to say that notice to the common council of a defect in a street or walk may not be proved, by showing that it was known to a considerable number of the aldermen. If it may be, then proof of notice to one, although not enough perhaps to charge the common council with notice, yet it is admissible as a link in the chain of proof and cannot be rejected as wholly incompetent, but if sufficient evidence is not given to establish notice, the party complaining of the evidence should move to strike it out.

The court charged the jury substantially as requested by the defendant's counsel, and was not obliged to charge in the precise language of the request. The judgment must be affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.