Mary Byrne, an Infant by Guardian, etc., Respondent, *v.* The New York Central and Hudson River Railroad Company, Appellant.

To bring a case within the provision of the General Railroad Act (§ 7, chap. 282, Laws of 1854), requiring that a bell shall be rung or whistle sounded upon the engine of a train approaching "the place where the railroad shall cross any traveled public road or street," it is not sufficient that the *locus in quo* has been so dedicated to the public, by the owners, as to constitute it a public street; to bring it within the requirement, the street must be traveled as well as public.

Where, therefore, plaintiff was injured at a point where defendant's road crossed an alley, which was not traveled or capable of being traveled save at one end, and such travel did not cross the railroad; *held*, that the omission of the statutory signals was not negligence.

*Byrne* v. *N. Y. C. & H. R. R. R. Co.* (28 Hun, 438), reversed.

(Argued October 9, 1883; decided November 20, 1883.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made December 16, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Mem. of decision below, 28 Hun, 438.)

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

The owners of certain lands in the city of Troy, had laid them out into city lots, streets and alleys; lots had been sold and some of the streets had been worked by the city. Plaintiff was struck by a car attached to a train moving backward on defendant's road at a point where said road crossed an alley so laid out. The alley was north and south, at the north end it runs to a creek over which there is no bridge, and consequently there is no travel upon the alley on the north side of the railroad or crossing the road. The negligence complained of was the omission to ring the bell or blow the whistle of the engine drawing the train as it approached the crossing.

Further facts appear in the opinion.

*Esek Cowen* for appellant. The mere making of a map, on which streets and alleys are laid down is not of itself a dedication of these streets and alleys to the public without an acceptance. (*Holdam* v. *Cold Spring,* 21 N. Y. 474; *Suspension Bridge Co.* v. *Bachman,* 66 id. 261.) And this is the case even where lots have been sold, abutting on the streets so laid out. (*Fonda* v. *Borst,* 2 Keyes, 48; *Badeau* v. *Mead,* 14 Barb. 328; *Grinnell* v. *Kirtland,* 6 Daly, 356; affirmed, 68 N. Y. 629; *City of Oswego* v. *Oswego Canal Co.,* 6 id. 257; *Niagara Falls Suspension Bridge Co.* v. *Bachman,* 66 id. 474.) If the alley was not a highway, and a traveled highway, the court was in error in charging that the defendant was bound to give the statutory signals. (*Cordell* v. *N. Y. C. & H. R. R. R.,* 64 N. Y. 535.)

*R. A. Parmenter* for respondent. On the evidence, the question of the plaintiff's contributory negligence and of defendant's negligence was plainly one of fact for the jury. (14 Hun, 322; 83 N. Y. 620; *Ernst* v. *H. R. R. R. Co.,* 35 id. 9; *Maginnis* v. *N. Y. C. & H. R. R. R. Co.,* 52 id. 215; *Webber* v. *N. Y. C. & H. R. R. R. Co.,* 58 id. 451; *Salter* v. *U. & B. R. R. Co.,* 59 id. 631; *Culhane* v. *N. Y. C. & H. R. R. R. Co.,* 60 id. 137; *Massoth* v. *D. & H. C. Co.,* 64 id. 524; *Cordell* v. *N. Y. C. & H. R. R. R. Co.,* id. 535; *Haycroft* v. *L. S. & M. S. R. Co.,* id. 636; *Casey* v. *N.*

*Y. C. & H. R. R. R. Co.*, 78 id. 518, 524.)    The question of the alleged contributory negligence on the part of the plaintiff was also one of fact for the jury. (*Hill* v. *N. Y. C. &. H. R. R. R. Co.*, 2 Weekly Dig. 94 ; *Morrison* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 643; *Sheehey* v. *Burger*, 62 id. 558 ; *O'Mara* v. *Hudson R. R. R. Co.*, 38 id. 445 ; *Dickens* v. *N. Y. C. R. R. Co.*, 1 Keyes, 23 ; *Hart* v. *H. R. B. Co.*, 9 Weekly Dig. 536 ; 80 N. Y. 622.)    If there was any evidence tending to show negligence on behalf of the parent, which would have been sufficient to defeat the action when established, it was still a question of fact for the jury under all the evidence. (*Ihl* v. *Forty-second St. R. R. Co.*, 47 N. Y. 317 ; *McGarvey* v. *Loomis*, 63 id. 107.)    The defendant being guilty of negligence in the management of powerful and dangerous machines, had no right, under the law, to exact of this plaintiff a higher degree of caution, care and deligence than could be reasonably expected from a child of her age.    (*O'Mara* v. *H. R. R. R. Co.*, 38 N. Y. 449 ; *Sheridan* v. *B'klyn & N. R. R. Co.*, 36 id. 42, 43 ; *Mowery* v. *Central City R'y*, 51 id. 667 ; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 252; *Thurber* v. *H. B. M. & F. R. R. Co.*, 60 id. 336 ; *McGarry* v. *Loomis*, 63 id. 107; *Fallon* v. *Central Park, etc.*, 64 id. 13 ; *Haycroft* v. *L. S. & M. S. R. R. Co.*, 2 Hun, 491 ; 64 N. Y. 636–7 ; *Casey* v. *N. Y. C. & H. R. R. R. Co.*, 78 id. 518 ; *Dowling* v. *N. Y. C. & H. R. R. R. Co.*, 90 id. 679 ; 83 id. 620 ; *Casey* v. *N. Y. C. & H. R. R. R. Co.*, 6 Abb. N. C., 104.)    In case of such a collision the law does not exact from the traveler mathematical certainty in the measurement of time, speed and distance. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 9 Weekly Dig. 441 ; *Justice* v. *Lang*, 52 N. Y. 323 ; *Dolan* v. *D. & H. C. Co.*, 71 id. 285 ; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 72 id. 26 ; 83 id. 620.)    The dedication, acceptance and user of the alley are complete and should not be disturbed to enable a railroad company to escape the legal consequences of its negligence. (*Bridges* v. *Wyckoff*, 67 N. Y. 130 ; *Niagara Falls Susp. B. Co.* v. *Bachman*, 66 id. 261 ; *Head* v. *City of Brooklyn*, 60 id. 248 ; *Taylor* v. *Hopper*, 2 Hun, 646 ;

*Matter of Ingram*, 4 id. 495; *Holedale* v. *Trustees Village of Cold Spring*, 21 N. Y. 474.) Having invoked the decision of the court, the defendant is estopped from complaining of the result, unless it appears there is not sufficient evidence to support it. (*Armes* v. *Dauchy*, 82 N. Y. 443 ; *Dillon* v. *Cockroft*, 90 id. 649.)

RAPALLO, J.   The sole question submitted to us in this case is whether at the time the plaintiff was injured, the alley, or that portion of it where the injury occurred, was a "traveled public road or street," before crossing which the defendant was bound to give the statutory signals.

We are clearly of opinion that it was not.   Assuming that the *locus in quo* had been so dedicated to the public by the owners of the land as to constitute it a public street, which the local authorities would have had the right to improve and put in use as such, that is not sufficient to bring it within the statute.

The statute is evidently intended for the protection of persons crossing the track of the railroad, when traveling on the public street or road, and it was held in the case of *Cordell* v. *New York Central & Hudson R. R. R. Co.* (64 N. Y. 535) that according to the plain language of the statute, the street or road, to bring it within the requirement of the statute, must be both *traveled* and *public*.   In the present case the alley at the place of the accident was not traveled or capable of being traveled.   It extended on paper from Madison street in the city of Troy, northerly to the South side of the Poestenkill creek.   It was crossed about midway by the track of the railroad.   The only evidence of any travel upon it was, that at the south end of it, where it entered Madison street, there was a store called the Iron Works store, and that teams would enter the alley from Madison street to receive goods from the store, and would then turn around before reaching the track of the railroad; and the father of the plaintiff, who had lived many years in the immediate locality, testified that there never was any travel upon the alley, except south of the railroad track, that when they got to the track they turned;

consequently there was no travel across the railroad track at that place, nor was there any occasion for such travel as there was no bridge across the creek over which travelers could pass, and it does not appear that any use was ever made of the alley, except to receive goods on teams from the store south of the track.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.