## MARTHA L. SAMMINS v. ADAM WILHELM.

1. ABUTTER NOT LIABLE FOR INJURY FROM DEFECTIVE, SIDEWALK IF CITY MUST REPAIR.

A person injured by a fall caused by stepping through a sidewalk rendered defective by reason of want of proper repair, cannot recover damages for such injury in an action against the owner of the lot abutting upon the sidewalk. A demurrer to a petition praying for such damages is properly sustained.

2. AVERMENT OF LIABILITY A CONCLUSION OF LAW.

An averment in a petition for damages for personal injuries sustained by stepping through a walk which was out of repair, that "then and there and long prior thereto it had been the duty of said defendant to keep said sidewalk in safe condition," is a conclusion of law, and not an allegation of fact.

Error to the Court of Common Pleas of Defiance county.

MOORE, J.

The court below sustained a general demurrer to the amended petition of the plaintiff, and rendered its judgment dismissing the petition and in favor of defendant for costs. It is now sought in this proceeding to reverse the order and judgment of the court below.

The averments in the amended petition, stripped of formalities, are briefly as follows: That the defendant, Adam Wilhelm, on August 1, 1890, was the owner of lot 1 in the South Defiance addition to the city of Defiance. That said lot abuts upon Clinton street extension—being a street of said city; that upon said street, and adjacent to said lot. a sidewalk had been constructed and existed—used by the public to pass and re-pass—and that such street and sidewalk constituted a public highway and one of the public streets of the city; that it was then and had been before said time the duty of said Adam Wilhelm to keep said sidewalk in safe condition for travel; that the sidewalk was composed of boards; that one of the boards had become loose, making the walk unsafe and dangerous, of all which the defendant had knowledge. That the plaintiff, without any neglect or fault upon her part, fell into said defective place in said walk, and was severely injured, for which she asks judgment in the sum of five thousand dollars.

The question to be determined is whether upon this state of facts the defendant is to be held liable.

If the owner of an adjacent lot, or other person, causes an excavation to be made, or places an obstruction upon the walk, or permits the flow of water from his building to freeze and accumulate ice upon the walk, so that, in any one of the cases mentioned, the walk would become unsafe and dangerous, the party would be liable. This is well settled.

In the case under consideration the question is: Is the owner of an abutting lot liable for damages because of an injury received by reason of a defective sidewalk upon the state of facts which I have named as contained in the petition.

The majority of the court is of the opinion that he is not. The whole control and supervision of the streets, including sidewalks, is vested in the officers of the municipal corporation.

Sec. 2640 Rev. Stat. provides that, "Council shall have the care, supervision and control of all public highways, streets, avenues, alleys, sidewalks, public grounds and bridges within the corporation, and shall cause the same to be kept open and in repair, and free from nuisance."

Sec. 2328 Rev. Stat. provides that, "Council shall provide by ordinance for the construction and repair of all necessary sidewalks within the limits of the corporation, and may require by the imposition of suitable penalties or otherwise, the owners and occupants of abutting lots to keep the sidewalks in repair, free from snow, etc."

Sec. 2329 provides, "By resolution and notice the owners shall be charged with the cost and expense of building the sidewalk, etc.

† Cited in Defiance v. Wilhelm. 5 Ohio Circ. Dec., P69, 670.

So that the statute provides that the duty of keeping sidewalks open, in repair and free from nuisance is devolved upon the city. This duty created by statute the municipal corporation owes to the public.

The burden or obligation of doing the work or paying the assessment or a portion of it may be imposed upon the adjacent lot owner. This is provided for in secs. 2329 and 2330. All this burden, however, is not necessarily imposed upon the abutting property owner

By sec. 2332, it is provided that, "If the board of public works, board of improvements, council, or trustee of any municipal corporation deem it necessary to construct a sidewalk on one side only, of any street, alley, turnpike, or plank road, with proper crossings from one side to the other, it shall be lawful to assess and collect the charge for constructing or repairing such sidewalk and crossings on the owners of the lots or lands abutting on both sides of such street, alley, or road, in like manner as if such sidewalk had been constructed on both sides; but after a sidewalk is so constructed, and the charge therefor so assessed, if it is deemed necessary to construct a sidewalk on the other or corresponding side of such street, alley or road, the charge therefor shall also be assessed on the owners of the lots and lands on both sides."

In sec. 2270 it is provided that the assessment cannot exceed 25 per cent. of the assessed value of the lot or land on which said work is completed or constructed. So that, in many instances, the larger part of the burden is placed upon the city itself. It would therefore be inferred that the liability existing against the lot owner is simply that of either performing the work that he is charged with by sec. 2329, or by the assessment if he fails doing the work, after due notice, which that section provides for.

That is all the obligation that the statute imposes upon the lot owner. It is so imposed because his property is especially benefited by the improvement.

If the lot owner is to be charged as claimed in the petition, he could not be until the obligation was fixed by action of the council. There is no averment in the petition that the council had ever imposed the obligation, burden or liability of repairing the sidewalk upon Wilhelm. The only averment being that, "then and there and long prior thereto it had been the duty of said Adam Wilhelm to keep said sidewalk in safe condition." This is not an allegation of fact; it is but a mere conclusion of law, and has been so held by our supreme court. So that, even if the defendant would be liable because of any obligation that could be imposed by the city council—which we do not at all concede—the petition is fatally defective in its averment charging that such obligation ever was imposed upon the defendant.

We have been cited to numerous authorities to sustain the position taken by counsel for the plaintiff, and upon examination we find that they do not meet the case; they go to another question entirely.

The learned counsel for plaintiff say they rely on the case of Hawver v. Whalen, 49 O. S., 69. That case holds that where the owners of a city lot abutting on the street, make by their own employes an excavation in the sidewalk, the duty devolved upon them to guard it, and the duty was not shifted from them by letting the work of building or constructing the hole or work to an independent party, who is to furnish all the material as well as the labor therefor.

That comes under the class of cases, where the party made an excavation in the sidewalk for his own purposes; not because the duty was imposed upon him to keep the sidewalk in repair.

Counsel also relies upon the case of Davenport v. Ruckman, 37 N. Y. 568. In this case, like the former, the excavation was made by the owner of the premises for his own purposes, and for that reason she was held liable.

So, in all the cases cited, the liability is because of the act of the party charged with making the excavation or placing an obstruction upon the walk causing the injury.

We think that the law is correctly stated in Dillon's Municipal Corporations, sec. 1012, which says:

"The liability of a city or town for actionable defects extends, as already remarked, to sidewalks, they being deemed to constitute part of the street. Where the charter of a city gives it the power to cause sidewalks to be kept in repair, and makes adequate provision for so doing, the exercise of the power, according to the prevailing judgment of the courts, follows as a duty. In such case the city is liable for actionable defects in sidewalks, although the charter requires the lot owner to build the sidewalk and impose a penalty for his failure in this regard. The abutting owner is not bound to keep the sidewalk in repair unless by virtue of the requirement of a statute, and is not responsible to travelers for defects therein not caused by himself. The lot owner has been held not liable over to the city for damages resulting to passers-by from the non-repair of a sidewalk in respect of which he was under no legal obligation to make the repairs, and which was not defective by reason of any obstruction caused or other act done by him."

We find that in the case of Rochester v. Campbell the court of appeals of New York exhaustively discuss the question of the liability of a lot owner for injuries caused by a defect in the sidewalk adjoining his premises, and review the authorities on the subject, and conclude such lot owner is not liable.

Chief Justice Ruger, in announcing the opinion of the court, concludes a most exhaustive analysis of the subject with these words:

"We have thus referred at length to many of the cases holding the non-liability of the lot owners, for the reason that there seems to have been quite a common impression, in which judges and lawyers have shared, that abutting owners are in some way liable for damages occasioned from their neglect to keep sidewalks in repair when that duty is in any way enjoined upon them. It seems to us that there could never have been any logical cause for such impression, and it seems it has no foundation in the reported cases. Any other conclusion than that reached by us would, we think, be most unfortunate, as it would tend to relax the vigilance of municipal corporations in the performance of their duties in respect to the repair of streets and highways, and impose that duty upon those who might be utterly unable to discharge it. It would tend directly to demoralize the public service, and lead to disorder, decay, and impassability of the public highways." Rochester v. Campbell, 123 N. Y. 405.

We are of the opinion that the judgment of the court below be affirmed.

Beer, J., concurs; Seney, J., dissents.

L. B. Peaslee, for plaintiff in error.

Henry Newbegin, for defendant in error.