## No. 11,715.

### SUCCESSION OF ELIZABETH BEY.

1. Where, by order of court, a suspensive appeal has been allowed on appellant's furnishing bond in an amount fixed by the court, and bond has been furnished accordingly, it will not be dismissed because it can not be maintained as a suspensive appeal. Though not good as a suspensive it stands good as a devolutive appeal.
2. Where a judgment which the Supreme Court has rendered (in which it has passed upon all the issues submitted to it) has become final, and its decree has been sent down to the court in which the judgment appealed from was rendered, the

cause returns under the jurisdiction of the latter court for execution, subject to the revision and supervision of the Supreme Court as to that execution. The Supreme Court will not interfere with the execution, except in clear cases of oppression or injustice, or in cases of inconsistency with its own decree.

3. When the District Court for the purposes of execution acts originally upon a question not covered by the decree of the Supreme Court which involves an amount under the appellate jurisdiction of the Supreme Court, the action of the District Court on the particular issue can not be made the subject of a detached special, separate appeal. If its action could come before the Supreme Court at all by appeal, it would have to be on a subsequent general appeal, as to which it might be considered an incident. Ordinarily the control of the Supreme Court over the execution of its final judgments would not be by appeal, but through other remedies. Lovelace vs. Taylor, 6 Rob. 93.

A PPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*Dinkelspiel & Hart* for Testamentary Executor, Appellant.

*Farrar, Jonas & Kruttschnitt* for Frank Zengel, Defendant in Rule, Appellee.

ON MOTION TO DISMISS.

The opinion of the court was delivered by

NICHOLLS, C. J. On June 7, 1893, one Henry Shipman presented a petition to the Civil District Court, in which he averred that Elizabeth Bey had died in the parish of Orleans, leaving a nuncupative will by public act, in which he was appointed testamentary executor, and praying that the said will be probated and ordered to be executed.

Prior to this action the court, at the instance of the public administrator of the parish of Orleans, had appointed Frank Zengel attorney of the absent heirs of Elizabeth Bey, upon the assumption that she had died intestate and with heirs all absent from the State. When Shipman's application was made for the probate of the will, the court ordered that the attorney of absent heirs be notified to show cause, if any he had, why the instrument should not be probated as prayed for. The attorney appeared and opposed the recognition of the act as a will of the deceased, on the ground that she was insane at the time it was made. Before the issue thus made went to trial several parties were recognized as legal heirs of Miss Bey, and permitted to intervene and adopt the opposition of the

attorneys of the absent heirs, while others (Henry Shipman among the number), as legatees, became intervenors with leave of the court in support of the application for probate.

After evidence adduced, the District Court sustained the ground advanced in the opposition, that Elizabeth Bey was insane at the time of the execution of the act, and rejected the will and application for probate.

An appeal was granted from this judgment.

Shipman subsequently furnished an appeal bond as testamentary executor of the succession, and this court rendered judgment in the matter of the appeal reversing the judgment of the District Court— and recognizing as valid the rejected will. The courts further ordered " that opponents pay the costs of both courts."

After this judgment became final, four separate rules were taken in the District Court in the name of Henry Shipman, as testamentary executor.

*The first* was directed against Frank Zengel (the person who had been appointed attorney of absent heirs).

*The second* against J. B. Vinet, the public administrator for the parish of Orleans.

*The third* against Anna Maria Christina Bey and Johann Albert Schweim, her husband; Reimer Henrick Reimers, Bettie Bey and William Hoffner, her husband (all absentees, represented by H. F. Klumpp), Simon Johanes Reimers, also an absentee, represented by James Jones (the above named parties being legal heirs of Elizabeth Bey), and against H. F. Klumpp personally.

In these three rules it was suggested that by the judgment of this court above mentioned the " opponents " had been ordered to pay costs in both courts; that all these different parties were opponents in the litigation except H. F. Klumpp individually—that they fell under the terms of the judgment—that Klumpp, *individually*, was liable, as he opposed and prevented the original probate of the will, and that the costs amounted to seven hundred and forty-seven dollars and forty-five cents. On these recitals, the court was prayed to rule these different parties to show cause why judgment should not be rendered against each of them for the said amount for costs. On the trial of the first two rules, judgment was rendered in favor of Zengel and Vinet. On the trial of the third rule, judgment was rendered in favor of Klumpp individually and of Simon Johanes Reimers,

but against Johann Albert Schweim and wife, Reimer Henrich Reimers and Wilhelm Hoffner and his wife.

From these judgments in favor of Zengal-Vinet and Klumpp individually, Shipman appealed.

The fourth rule was directed against H. F. Klumpp. In the rule it was suggested that H. F. Klumpp had failed and refused to turn over to mover (Shipman, executor) the funds and property of this estate which are or have been in his possession and has failed and refused to furnish to mover a proper account, the only account furnished containing illegal and excessive charges and payments not authorized by this court. That Klumpp claims to have disposed of certain property of this estate which he was without right, authority or power to do, and having funds of this estate in his hands he failed to pay the State taxes on property of this estate, and mover was compelled to pay interest and penalties on same amounting to five dollars and fifty-two cents. In view of these premises mover prayed that it be ordered by the court that H. F. Klumpp show cause why he should not be punished for contempt of court, why a writ of *distringas* according to law should not issue against him, and why he should not be charged with said penalties and interest on said taxes, and with interest on the moneys in his hands as testamentary executor of this estate, and why such other orders should not be issued in the premises as may be necessary to secure the rights of the legatees of deceased in this State and for general relief.

The rule having been ordered and tried, the District Court decreed that it be maintained, in so far as to order H. F. Klumpp to turn over to petitioner in rule the funds of the succession of Bey now in his hands less his commission of sixty-four dollars and fifty-seven cents, and less the fees of his attorneys, one hundred and fifty dollars ($150), being a total of eighteen hundred and thirty-five dollars and seventy-nine cents to be turned over to him, and in all other respects the same is rejected.

From this judgment Shipman, as testamentary executor, has appealed.

Motions to " dismiss the appeal" have been filed in this court *on behalf of Vinet, public administrator*, and of *Frank Zengel*, on the grounds—

1. That the transcript does not contain all the testimony adduced

on the trial of this proceeding in the lower court, and is incomplete and defective on its face.

2. The certificate of the clerk to the correctness and completeness of the transcript is insufficient, incorrect and not such as the law requires.

3. Want of jurisdiction *ratione materiæ*, as the amount at issue is less than two thousand dollars.

4. That the suspensive appeal herein taken was not asked for in time, as it was not taken within ten days after the judgment appealed from was signed.

No motion to dismiss has been filed on behalf of Klumpp.

It is contended on behalf of the appellant that the fourth ground of dismissal is disposed of by the decision of this court in the matter of the Succession of Keller, 39 An. 579; also " that the proceedings in the rules were taken in execution of a decree of the Supreme Court, in a case in which that court alone had jurisdiction, and that all collateral matters growing out of that judgment must necessarily be passed upon by this court. That the succession is in course of administration, and its assets largely exceed the sum of two thousand dollars. That the proceeding for the taxing of costs is a necessary incident to the original appeal and, of course, must follow that appeal as to jurisdiction."

The appeal can not be dismissed on the fourth ground stated. The amount of the bond was fixed by the District Court, and the appeal, if not good as a suspensive appeal, stands good as a devolutive appeal.

The third ground for dismissal is well taken.    The judgment rendered by this court in the matter of the probate of the will of Miss Bey was a final one and covered all the points presented to the court for adjudication.    When it became final our decree was sent back, and the case returned into and under the jurisdiction of the Civil District Court for execution, subject to the revision and supervision of this court as to that execution.    Code of Practice, 617;  Holstein vs. Henderson, 6 New Series, 276.    It is for the District Court to regulate the mode of execution, and this court will not interfere except in clear cases of injustice, oppression or in cases of inconsistency with our own decree.    Compton vs. Airial, 9 An. 496.    When the District Court for the purpose of execution acts originally upon a question not covered by our final judgment, and the question at

issue involves an amount under the appellate jurisdiction of this court, the action of the District Court on the particular point can not be made the subject of a detached, special and separate appeal. If the question could come before us at all by and through an appeal it would have to come before us on a subsequent general appeal, of which it might be considered an incident.

Ordinarily our control over the execution of final judgments rendered by us would not be by an appeal, but through other remedies. Murphy vs. Murphy, 45 An. 1482; Lovelace vs. Taylor, 6 Rob. 93.

The case of the Whitney Iron Works vs. Reuss, 40 An. 112, has attracted our attention, but it is not similar to the present one. The main case there was still open when the appeal from the action of the District Court upon the rule for taxing costs was brought before us.

We are of the opinion that the motions to dismiss filed on behalf of Zengel and Vinet are well grounded and must be maintained, and the appeals as to them are hereby dismissed.

Though no motion has been made on behalf of Klumpp to dismiss the appeal from the judgment rendered in his favor on the rule against him to tax costs, we must for the same reasons dismiss the appeal taken as to him *ex officio*.

We are inclined to think that the appeal from the action taken by the District Court on the rule which we have referred to as the fourth rule should also be dismissed, but as the issues raised were not covered by our decree in the matter of the probate of the will and no motion to dismiss has been filed, and appellant has not been heard, we prefer to leave the matter open for future discussion and determination.

For the reasons herein assigned the appeal taken from the judgment of the District Court in favor of H. F. Klumpp in the matter of the rule against Anna Maria Christina Bey and her husband, Bettie Bey and Wilhelm Hoffner, her husband; Reimer Henrich Reimers, Simon Johannes Reimers and H. F. Klumpp to charge them with costs is hereby dismissed.

Rehearing refused.